**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| VINCENZO DEVENTURA, | : | Civil No. 05-607 (FLW) |
| Petitioner, | : | |
| v. | : | **OPINION** |
| IMMIGRATION SERVICE, et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

    VINCENZO DEVENTURA, Petitioner, Pro Se
    A-10567812
    Monmouth County Correctional Institution
    1 Water Works Road
    Freehold, New Jersey 07728

**WOLFSON, District Judge**

    Petitioner Vincenzo Deventura, an immigration detainee currently confined at the Monmouth County Correctional Institution ("MCCI") in Freehold, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He also submitted an application to proceed in forma pauperis, which the Court will grant pursuant to petitioner's affidavit of indigence. For the reasons discussed below, the Court will dismiss the petition for lack of jurisdiction. See 28 U.S.C. § 2243 ("A court ... entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an

order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

## I. BACKGROUND

This statement of background facts is taken from the Petition and attached papers submitted by petitioner, and is accepted as true for purposes of this review.

Petitioner is a native and citizen of Italy who entered the United States on July 20, 1956 as a lawful permanent resident alien. He has lived in the United States continuously since 1956. Petitioner married a U.S. citizen and has five U.S. citizen children and twelve U.S. citizen grandchildren. He was convicted in or about 1980 for possession of counterfeit currency and sentenced to three years imprisonment. In 1990, petitioner was convicted for the sale of a controlled substance and sentenced to four years and nine months imprisonment.

While incarcerated, removal proceedings were commenced and an Immigration Judge ordered that petitioner be removed from the United States. He appealed the decision to the Board of Immigration Appeals ("BIA"). Petitioner was released on parole and taken into immigration custody. He was then released on bond. When his appeal to the BIA was dismissed, petitioner filed a timely motion for reconsideration. However, he was returned to immigration custody.

Petitioner contends that his medical condition, heart disease, has worsened since his return to custody. He contends that he will be homeless and destitute if returned to Italy, and will be unable to continue with his necessary medical care and treatment for his heart disease.

Consequently, petitioner seeks to have his case reconsidered by the BIA based on extreme financial and medical hardship. One of petitioner's children has filed an application to accord petitioner immediate relative status for an adjustment of status, enabling petitioner to stay in the United States. Petitioner asks that his order of removal be stayed until his motion for reconsideration and the application for adjustment of status is reviewed by the BIA. Although the petition was filed with this district court, it was entitled a "petition for reconsideration and request for a stay of the order of deportation." The caption of the petition also did not include the name of this district court; rather, it was directed to the United States Department of Justice, Executive Office for Immigration Review, Board of Immigration Appeals.

## DISCUSSION

**A.   Standard of Review**

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). That section states that the writ will not be extended to a prisoner unless "he is in custody in violation

3

of the Constitution or laws or treaties of the United States."
28 U.S.C. § 2241(c)(3).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

**B.  Petitioner's Request for Habeas Relief Will Be Dismissed**

It is clear from the heading of the petition and the type of relief requested by petitioner that petitioner seeks reconsideration of the denial of his application for relief from removal pursuant to Section 212(c) of the Immigration and Nationality Act ("INA"), based on changed medical conditions, and extreme medical and financial hardship.  Petitioner does not indicate the date of his final order of removal.  He also does not actually allege that his motion for reconsideration to the BIA was denied.  In fact, it is unclear whether this petition was intended to be filed with the BIA.

Denials of motions to reopen or for reconsideration by the BIA are reviewed by the Court of Appeals for the appropriate

district.  See Barker v. Ashcroft, 382 F.3d 313, 315-16 (3d Cir. 2003)(denial of motion to reopen reviewed by circuit court under "abuse of discretion" standard); Sevoian v. Ashcroft, 290 F.3d 166, 169 (3d Cir. 2002); Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994)("[d]iscretionary decisions of the BIA will not be disturbed unless they are found to be 'arbitrary, irrational or contrary to law'"); Dastmalchi v. INS, 660 F.2d 880, 885, 886 (3d Cir. 1981). Thus, in this case, the appropriate Court in which denial of the motion for reconsideration could have been appealed is the Court of Appeals for the circuit court in which the Immigration proceeding took place.

Thus, this Court would not have jurisdiction over petitioner's habeas action, if it challenges the BIA's denial of his motion for reconsideration.  Moreover, if the BIA has not yet reviewed petitioner's motion for reconsideration for denial of § 212(c) relief, and it appears that is the case here, the Court is precluded from reviewing the petition because petitioner failed to exhaust his administrative remedies before seeking habeas relief.

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, the Court of Appeals for the Third Circuit has typically required § 2241 petitioners to exhaust their administrative remedies before applying to a federal court for relief.  See Duvall v. Elwood, 336 F.3d 228 (3d Cir. 2003);

5

<u>Callwood v. Enos</u>, 230 F.3d 627, 634 (3d Cir. 2000); <u>Massieu v. Reno</u>, 91 F.3d 416, 420-21 (3d Cir. 1996)("judicial review is precluded if the alien has failed to avail himself of all administrative remedies").  This policy promotes three goals:

> (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy.

<u>Goldberg v. Beeler</u>, 82 F. Supp.2d 302, 309 (D.N.J. 1999), <u>aff'd</u>, 248 F.3d 1130 (3d Cir. 2000).

In this instance, federal law establishes a comprehensive administrative procedure governing the entry and removal of aliens.  <u>See</u> 8 U.S.C. § 1221, et seq.  Once an order of removal is issued against an alien, he or she may pursue several avenues of relief within the administrative agency that must be exhausted before the alien is eligible for federal habeas corpus relief.  For example, the alien may petition the Immigration Judge to reopen or reconsider that Judge's determination, <u>see</u> 8 U.S.C. § 1229a(c)(5), (6), or he or she may appeal the deportation decision to the Board of Immigration Appeals ("BIA").  <u>See</u> 8 U.S.C. § 1229a(c)(4).

Here, petitioner seeks to re-open his proceedings with the BIA by motion for reconsideration based on changed circumstances involving his medical condition.  Thus, his application for

habeas relief should be dismissed without prejudice for failure to exhaust administrative remedies.

## **CONCLUSION**

For the reasons set forth above, petitioner's application for habeas relief and a stay of deportation must be dismissed for failure to exhaust administrative remedies.  Alternatively, if petitioner is seeking reconsideration of the BIA's denial of § 212(c) relief, the petition should be dismissed for lack of jurisdiction.  An appropriate order follows.

S/Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge

Dated:   June 1, 2005